[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 9, 2006
THOMAS K. KAHN
CLERK

No. 05-16093
Non-Argument Calendar

_____

D. C. Docket No. 05-00001-CR-WDO-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH JEROME PERKINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(May 9, 2006)**

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Joseph Jerome Perkins appeals his consecutive sentences of 60 and 36

months' imprisonment imposed after he pled guilty to 1 count of making false claims, in violation of 18 U.S.C. § 287, and 1 count of aiding and assisting in a false tax return, in violation of 26 U.S.C. § 7206(2). He was sentenced for his involvement in preparing 32 fraudulent federal income tax returns in 1998, 1999, 2000, and 2001, in order to obtain false refunds from the Internal Revenue Service for 15 clients. The Guideline range was 41 to 51 months' imprisonment. However, the court sentenced Perkins to the statutory maximum sentence as to each count, finding that a sentence outside the advisory Guideline range was warranted based primarily on Perkins's 29 criminal history points.

On appeal, Perkins argues that the court imposed an unreasonable sentence because (1) it only considered one of the 18 U.S.C. § 3553 factors, and (2) it failed to take into consideration that the majority of his criminal history points were for traffic offenses. He contends that the court in sentencing him to the maximum sentence available only looked at the number of his past crimes, not their nature. He argues that the court in sentencing him should have examined the actual fraud that occurred in the case as opposed to basing its sentence on the potential fraud alleged by the government. Furthermore, Perkins asserts that the district court should have determined the need for the sentence imposed, pursuant to 18 U.S.C. § 3553(a)(2), as well as the kinds of sentences available pursuant to 18 U.S.C.

§ 3553(a)(3).

We review sentences imposed under the post-Booker advisory Guideline scheme for reasonableness. United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005); Booker, 543 U.S. at 260-63, 125 S.Ct. at 765-66 (holding that appellate court review sentences for unreasonableness in light of the § 3553(a) factors). Following the Booker decision, we have held that the district court must first correctly calculate the defendant's advisory Guideline range, and then, using the 18 U.S.C. § 3553(a) sentencing factors, the district court can impose a more severe or more lenient sentence as long as it is reasonable. United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005).

Moreover, our review for reasonableness is deferential. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). We have stated that it "must evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)," and that in evaluating a sentence for reasonableness, we recognize that "there is a range of reasonable sentences from which the district court may choose . . . ." Id. The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of

3

sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

Id. at 786; 18 U.S.C. § 3553(a).

In United States v. Scott, we held that a district court's statement that it had considered the § 3553(a) factors alone is sufficient in post-Booker sentences to indicate that it considered the factors. 426 F.3d 1324, 1329-30 (11th Cir. 2005). We held "that nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." Id. at 1329. We concluded that the defendant's sentence was reasonable because the district court accurately calculated the Guideline range and the defendant's sentence at the low end of the range reflected the court's consideration of his evidence in mitigation. Id. at 1330.

In the instant case, we cannot say that Perkins's consecutive sentences were unreasonable. First, the district court correctly calculated Perkins's Guideline range. See Crawford, 407 F.3d at 1178. Second, the court, in sentencing Perkins to a sentence in excess of the applicable Guideline range, explained in great detail why the Guideline range was inadequate. Taking into consideration Perkins's past criminal record, the district court found that Perkins's criminal history category of VI was insufficient. Third, the district court expressly considered several

4

§ 3553(a) factors before deciding that consecutive sentences were appropriate in this case.  Fourth, the court did not sentence Perkins in excess of the statutory maximum sentence for each count.  Upon review of the record and the parties' briefs, we discern no reversible error.

**AFFIRMED.**